ELI NADURIS-WEISSMAN (CSB No. 254788)
E-mail: enaduris-weissman@rsglabor.com
ROTHNER, SEGALL & GREENSTONE
510 South Marengo Avenue
Pasadena, CA  91101
Telephone:  (626) 796-7555
Facsimile:   (626) 577-0124

JEREMY BLASI (CSB No. 298148)
E-mail: jblasi@unitehere11.org
UNITE HERE LOCAL 11
464 Lucas Ave. #201
Los Angeles, CA 90017
Telephone:  (213) 481-8530 x 233
Facsimile:   (213) 481-0352

Attorneys for Petitioner UNITE HERE Local 11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE LOCAL 11,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PLANET EXPRESS (LAX), LLC,<br><br>　　　　　Respondent. | CASE NO. 2:23-cv-09292 FLA(ASx)<br><br>**DECLARATION OF ELI NADURIS-WEISSMAN REGARDING ATTORNEY'S FEES REASONABLY INCURRED** |

## DECLARATION OF ELI NADURIS-WEISSMAN

I, Eli Naduris-Weissman, declare that:

1. [Identification] I am a partner with the law firm Rothner, Segall & Greenstone. I, along with other attorneys at my firm, served as outside counsel to Petitioner UNITE HERE Local 11 in the above-captioned case, *UNITE HERE Local 11 vs. Planet Express (LAX), LLC*, No. 2:23-cv-09292 FLA(ASx) ("*Planet Express*"). I am submitting this declaration in connection with the Court's January 6, 2025 Order granting Petitioner's Motion to Confirm Arbitration Award and requesting a showing of the amount of attorney's fees Petitioner reasonably incurred to file the Petition and Motion in this case (Dkt. 31). I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could testify competently thereto.

2. [Litigation of this Case] Our firm has served as outside counsel to UNITE HERE Local 11 on a number of matters involving arbitration, litigation, and advice. In September, 2023, staff attorney Alyssa Petersen contacted me regarding Respondent Planet Express's failure to comply with the arbitration award of Arbitrator John Kagel in this case. After initial consultations with Ms. Peterson and another Senior Partner at our firm, Julia Harumi Mass, I conferred with my then-law partner, Jonah J. Lalas, who thereafter worked with Ms. Peterson on drafting the Petition and Motion.

3. [Relevant Experience] I am a partner with Rothner, Segall & Greenstone, and am in my nineteenth year of legal practice. I graduated with Honors from Stanford University in 2000, and received my Juris Doctor in 2006 from the University of California Berkeley School of Law (Boalt Hall), where I was Editor-in-Chief of the Berkeley Journal of Employment and Labor Law. Thereafter, I clerked for Justice James Duffy of the Hawai'i Supreme Court.

I have practiced labor and employment law advising labor unions and employees exclusively since 2008. From 2008 until 2010, I worked in

Washington, D.C. in the legal department of one of the country's largest labor unions, the Service Employees International Union. From 2010 until 2014, I was an associate with Rothner, Segall & Greenstone, and became a partner in the firm in 2014. I am also a contributing editor to three labor & employment treatises: Labor Union Law & Regulation (BNA), California Public Sector Labor Relations (Matthew Bender) and California Public Sector Employment Law (Matthew Bender). In addition to my work as a practicing attorney, I have taught Labor Law at UC Irvine School of Law as a Lecturer of Law.

In my practice I regularly represent union and individual clients in arbitrations under collective bargaining agreements; in federal, state and local administrative agencies; and in federal state court on numerous matters, including actions to compel or confirm arbitration awards. I also have experience litigating wage and hour disputes in state and federal court. From 2011 to 2018 was counsel to a class of plaintiffs in a wage-and-hour class action in state court, *Alcala et al. v. Santa Fe Rubber, Inc.*, LASC No. BC459688, in which plaintiffs successfully obtained class certification and judgment in favor of the class on their claims for missed meal periods under the California Labor Code. In that same action, we successfully defended the class representatives against the employer's counter-claims and successfully defended the judgment on the Labor Code claims on appeal. I was also recently counsel to a prospective class of employees alleging violation of the California Worker Adjustment and Retraining Notification ("WARN") Act in state court, which resulted in a settlement awarding plaintiffs all potential relief they were entitled to on their California Labor Code claims, as well as attorneys' fees. *Moffitt v. Maurice and Paul Marciano Foundation, et al.*, LASC No. 19STCV45800. From 2018 to 2021, I was also counsel for plaintiffs in *Alberto Arellano et al. v. City of San Diego*, Case No. 18-cv-0229, a Fair Labor Standards Act matter which resulted in a favorable settlement for plaintiffs and an

order of attorney fees to my firm. *See Kries v. City of San Diego*, No. 17-CV-1464-GPC-BGS, 2021 WL 120830, at *1 (S.D. Cal. Jan. 13, 2021).

In addition, I have experience as counsel to unions in complex federal litigation, including *Local 50 & Saundra Ecklund v. SEIU*, No. CV 13-00349 BRO (C.D. Cal.); *Garcia v. Serv. Employees Int'l Union*, No. 2:17-CV-01340-APG-NJK (D. Nev.), *affirmed*, 993 F.3d 757 (9th Cir. 2021) (concerning application of LMRA § 301 in the context of union trusteeship); and *National Labor Relations Board v. Valley Health System, LLC*, 93 F.4th 1115 (9th Cir. 2024).

I have also achieved favorable outcomes for unions and employees in numerous arbitrations and administrative hearings, as well as petitions related to arbitration, most recently in *Unite Here Local 11 v. 360 N. Rodeo Drive Limited Partnership*, Case No. 23-ST-CP01724 (July 31, 2023) (granting union's motion to compel arbitration).

4. [Relevant Experience of Other Billing Attorneys] At the time he litigated this case, Jonah J. Lalas was a partner with Rothner, Segall & Greenstone, and is currently in his thirteenth year as an attorney. He received his Bachelor of Arts degree from the University of California, Los Angeles in 2002. In 2012, he received his Juris Doctor degree from the University of California, Berkeley School of Law, where he was a Senior Articles Editor of the Berkeley Journal of Employment and Labor Law. From 2012 to 2014, he worked as an attorney for the Washington, D.C.- and San Francisco-based law firm Phillips & Cohen, which represents whistleblowers against corporations that defraud government entities. From 2014 to 2018, Lalas clerked for three federal judges: Judge Nathanael Cousins of the U.S. District Court for the Northern District of California; Judge Dolly M. Gee of the U.S. District Court for the Central District of California; and Judge Raymond C. Fisher of the U.S. Court of Appeals for the Ninth Circuit.

During Lalas' time at Rothner, Segall & Greenstone, Lalas represented numerous unions and individual clients in federal and state court, as well as before

the National Labor Relations Board and arbitrators. Recently, he served as union counsel in *Spreckels Sugar Company, Inc. v. United Food & Com. Workers, Local 135, AFL-CIO, CLC*, 669 F. Supp. 3d 967 (S.D. Cal. 2023), and successfully defeated an employer's attempt to enjoin sugar factory workers from striking. He also argued intervenor Service Employees International Union, Local 1107's case before the Ninth Circuit in *National Labor Relations Board v. Valley Health System, LLC*, 93 F.4th 1115, 1117 (9th Cir. 2024), which upheld an NLRB's decision finding an employer committed an unfair labor practice by unilaterally ceasing union dues checkoff. Lalas has presented on labor law issues at conferences held by the California Teachers Association, the AFL-CIO Union Lawyers Alliance, the Bar Association of San Francisco's Labor and Employment Law Section, and the International Union of Painters and Allied Trades (IUPAT) Professionals Forum.

      Lalas left Rothner Segall and Greestone in September, 2024, and is now a partner at another union-side labor law firm, Altshuler Berzon LLP.

      5. [Billing and Timekeeping] The attorneys in our firm prepare contemporaneous daily time records on the basis of six-minute billing increments, indicating the task performed for each entry. Our firm maintains an electronic database archiving all billing records for each matter and/or client, including the underlying information regarding the tasks performed and any expenses incurred. Attached hereto as **Exhibit A** is a true and correct copy of the billing records reflecting the tasks performed and time billed by Jonah Lalas from September 11, 2023 through August 12, 2024.

      In addition to reviewing the billing records periodically, I also reviewed the records in connection with the preparation of this declaration, in order to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time expended in this case. I have exercised billing judgment and marked down, or eliminated altogether, certain entries in the attached records. In

particular, though I and another senior partner, Julia Harumi Mass, handled initial consultations on this case and I reviewed and edited briefing, we are not seeking fees for our work.

Based on my review of these records and the adjustments made, I believe that the time reflected in the firm's lodestar calculation was reasonable and necessary for the effective and efficient prosecution and ultimately successful resolution of this case.

In addition, the total of 64.7 hours expended by counsel to litigate is a reasonable figure in line with other cases litigating arbitration issues under the LMRA. *See, e.g.*, *Sheet Metal Workers' Int'l Ass'n, Loc. Union No. 115 v. All. Mech. Corp.*, No. SACV 09-1163 RNB, 2011 WL 7047040, at *7 (C.D. Cal. Nov. 7, 2011) (finding 162.35 hours expended on a case featuring cross-motions to confirm or vacate an arbitration award reasonable); *MV Transp., Inc. v. Amalgamated Transit Union, Local 1756*, No. CV10-2775 PSG (VBKx), 2011 WL 488869, at *3 (C.D. Cal. Feb. 2, 2011) (finding 77.2 hours expended on a case to confirm an arbitration award reasonable).

6. [Billing Rates] In this motion, we are seeking a rate of $600 for Jonah Lalas (currently in his thirteenth year as an attorney) and $475 for then-UNITE HERE Local 11 staff attorney Alyssa Peterson (currently in her sixth year as an attorney). I am informed and believe that these rates are reasonable and fair within the Los Angeles legal market based on the superior skill, educational background, significant experience, and reputation of this firm and the attorneys who worked on this case. These rates are also reasonable based on the extraordinary outcome achieved, the efficient manner in which work was performed, and the quality of services delivered.

These rates are in line with what our firm has been awarded in other cases. Thus, for example, over ten years ago in 2013, a senior partner at our firm with thirty-eight years of experience was awarded an hourly rate of $600 by one of the

5

writs departments in Los Angeles County Superior Court in *Little Lake City School District v Commission on Professional Competence*, Case No. BS 135319. In a Fair Labor Standards Act in federal court in the Southern District of California, the court awarded me $500 as an hourly rate, for work primarily performed in 2018 and 2019 when I was in my twelfth and thirteenth years of practice. *See also Bedwell v. Hampton, Trustee of Hampton Family Bypass Trust*, Case No. 22cv138, 2023 WL 3103806, at *5 (S.D. Cal. April 26, 2023) (explaining that hourly rates "in Los Angeles are significantly higher than rates in San Diego, California," by about $300/hour).

Moreover, Mr. Lalas was recently awarded a rate of $600 for his work on a state court lawsuit to enforce a union's right to bargain over changes to terms and conditions of employment related to retirement benefits. *See American Fed'n of State, County and Municipal Employee Dist. Council 36 v. City of Los* Angeles,., Case No. 22-ST-CP03070 (L.A. Super. Ct., May 28, 2024) ("The asserted hourly rates are reasonable."), attached hereto as **Exhibit B.**

Our requested rates are also in line with a recent Central District of California case that explained that in Los Angeles, "partners who practice labor and employment law at mid-sized firms have an hourly rate ranging from $567 (first quartile) to $870 (third quartile), with a median rate of $677." *Cuellar v. First Transit Inc.*, Case No. 8:20-cv-01075, 2024 WL 83231, at *12 (C.D. Cal. Jan. 8, 2024).

The requested rate of $475 for then-in-house counsel Alyssa Peterson is also appropriate, based on her experience and qualifications, set forth in her accompanying declaration. A court in the Central District recently approved a fee award at the hourly rate of $775 for the General Counsel for UNITE HERE Local 11, Jeremy Blasi, in a class action wage and hour lawsuit for which Mr. Blasi served as co-counsel with outside counsel. *See Lewis v. Host Int'l, Inc.*, Case No. 2:21-cv-00075 JAK (SKx), slip op. at 19 (C.D. Cal. Nov. 5, 2024) (Order Re

6

Motion for Preliminary Approval finding requested hourly rates "reasonable in light of the work performed, the experience of counsel and the rates used by counsel within this District with similar experience."). The Ninth Circuit has also approved of the award of reasonable attorney's fees to in-house counsel using market rates, including to non-profit organizations and unions. *See Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009) (approving rate of $500, in 2009, for in-house counsel at the American Civil Liberties Union); *Curran v. Dep't of Treasury*, 805 F.2d 1406, 1410 (9th Cir. 1986) (approving attorney's fees award to labor union in-house counsel); *see also PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1094 (2000), *as modified* (June 2, 2000) (approving award of fees to in-house counsel under California Civil Code).

The fees sought here are also lower than the rates described in the Laffey Matrix, which provides for an hourly rate of $581 for employees with four to seven years out of law school and for a rate of $948 for employees with eleven to nineteen years out of law school. The Laffey Matrix is attached hereto as **Exhibit C**. *See Gutierrez v. Chopard USA Ltd.* (2022) 82 Cal.App.5th 383, 392-93 (upholding a trial court's award of attorneys fees that included review of the Laffey matrix).

The total reasonable fees sought are summarized in the chart below.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Jonah Lalas | 38.8 | $600 | $23,280 |
| Alyssa Peterson | 25.4 | $475 | $12,065 |
| **TOTAL** | | | $35,345 |

/ / /

/ / /

/ / /

7

1  I declare under penalty of perjury under the laws of the United States that
2  the foregoing is true and correct.  Executed this 27th day of January, 2025 at
3  Pasadena, CA.

            By    /s/ *Eli Naduris-Weissman*
                  ELI NADURIS-WEISSMAN