UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE LOCAL 11,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PLANET EXPRESS (LAX), LLC,<br><br>　　　　　Respondent. | Case No. 2:23-cv-09292-FLA (ASx)<br><br>**ORDER GRANTING IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES [DKT. 34]** |

## RULING

Before the court is Petitioner UNITE HERE Local 11's ("Petitioner") Motion for Attorney's Fees ("Motion"). Dkt. 34 ("Mot."). Respondent Planet Express (LAX), LLC ("Respondent") opposes the Motion. Dkt. 36-1 ("Opp'n"). The court took this matter under submission on February 13, 2025. Dkt. 37; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court GRANTS the Motion in part and AWARDS Petitioner reduced attorney's fees of $35,082.50.

## BACKGROUND

The background facts and procedural history regarding the parties' dispute are set forth in the court's January 6, 2025 Order Granting Petitioner's Motion to Confirm the Arbitration Award (Dkt. No. 31, "January 6, 2025 Order"), which this court incorporates by reference into this Order.

## DISCUSSION

**I.     Legal Standard**

Federal courts generally use the "lodestar" method to determine if an attorney's fee award request is reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1201 (9th Cir. 2013). "[T]he lodestar amount is calculated by multiplying the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (citation and internal quotation marks omitted, emphasis in original). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quotation marks omitted).

The court may then increase or decrease the lodestar amount by considering factors including "the novelty or difficulty of the case, the preclusion of other employment [by counsel], time limitations, the amount at stake, the results obtained and the undesirability of the case." *Stewart v. Gates*, 987 F.2d 1450, 1453 (9th Cir. 1993) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

## II. Analysis

In the January 6, 2025 Order, the court granted Petitioner's request for attorney's fees based on its finding that Respondent acted in bad faith. Dkt. 21 at 11. Petitioner seeks attorney's fees in the amount of $35,345.00. Mot. at 3.[1] Respondent challenges the reasonableness of the amount requested. *See* Opp'n.

### A. Reasonable Hourly Rate

Once a party establishes it is entitled to an award of attorney's fees, "[i]t remains for the district court to determine what fee is reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation marks omitted), *superseded by statute on other grounds as stated in Edmo v. Corizon, Inc.*, 97 F. 4th 1165, 1169 (9th Cir. 2024). The party seeking attorney's fees bears the burden of demonstrating "that the requested rates are in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996) (cleaned up). Courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Petitioner's counsel, Eli Naduris-Weissman ("Naduris-Weissman"), attests to the experience of the attorneys who worked on this action. Dkt. 34-1 ("Naduris-Weissman Decl.") ¶¶ 4, 6. According to Naduris-Weissman and the billing records submitted, the charged hourly rates on this matter were $600 for Jonah Lalas ("Lalas") and $475 for Alyssa Peterson ("Peterson"). Mot. at 3.

Petitioner argues courts in this district and circuit have approved similar hourly rates for attorneys in Los Angeles with comparable skill and experience. Naduris-Weissman Decl. ¶ 6 (citing cases); Dkt. 34-5 ¶ 21 (citing cases). Petitioner contends

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

1. the fees sought are lower than the rates described in the Laffey Matrix, which provides
2. for the hourly rates for attorneys based on the number of years of experience out of
3. law school. Dkt. 34-1 (Naduris-Weissman Decl.) ¶ 6; Dkt. 34-4. In its Opposition,
4. Respondent solely disputes Peterson's hourly rate, arguing it is unreasonable based on
5. similar services provided by in-house lawyers at labor unions with comparable skill
6. and reputation in Los Angeles. Opp'n at 7. Respondent does not cite any authority in
7. support of its assertion. *Id.* at 7–8.
8. After reviewing the parties' arguments and materials submitted, and based on
9. the court's own knowledge and experience, the court agrees with Petitioner and finds
10. the hourly rates requested are reasonable and consistent with rates charged by
11. attorneys with comparable skill and experience litigating actions of similar complexity
12. in this district. Accordingly, the court will determine the reasonable lodestar based on
13. these rates.

### B. Hours Reasonably Expended on the Litigation

15. "The fee applicant bears the burden of documenting the appropriate hours
16. expended in the litigation and must submit evidence in support of those hours
17. worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*,
18. 461 U.S. at 433, 437). "Counsel for the prevailing party should make a good faith
19. effort to exclude from a fee request hours that are excessive, redundant, or otherwise
20. unnecessary ...." *Hensley*, 461 U.S. at 434.
21. Petitioner requests $35,345.00 in attorney's fees for litigating this action.
22. Mot. at 3. Respondent argues the attorney's fee award should be reduced for multiple
23. reasons. First, Respondent argues Petitioner cannot be awarded fees for tasks that are
24. purely clerical or secretarial in nature. Opp'n at 2–3 (citing *Missouri v. Jenkins*, 491
25. U.S. 274, 288 n. 10 (1989)). While the Supreme Court in *Missouri v. Jenkins* noted
26. that "purely clerical or secretarial tasks should not be billed at a paralegal rate,
27. regardless of who performs them," the Court did not state such work cannot be
28. recovered as part of a fee award, as Respondent argues. *Missouri v. Jenkins*, 491 U.S.

at 288 n. 10.  After reviewing the billing records submitted, the court finds 0.7 hours worked by Peterson on May 24, 2024, reflect tasks that were purely clerical or secretarial in nature.  Dkt. 34-6 ("Discussion and direction to non-legal organizing staff to gather information for attorney review[.]").  As the parties have not identified a reasonable hourly rate for these tasks, the court reduces the hourly rate for these tasks to $100.

Second, Respondent argues the court should reduce the lodestar to reflect double-billing on tasks that only required a single attorney, items that were vague in nature, and items that were excessive and unreasonable on their face.  Opp'n 4–6.  The court has reviewed all billing entries submitted and finds the hours claimed were reasonable for attorneys billing at the requested hourly rates.  Accordingly, the court will not reduce the lodestar on this basis.

Third, Respondent argues Petitioner cannot be awarded excessive fees for tasks unrelated to litigation preparation.  Opp'n at 6–7.  After reviewing the billing records submitted, the court finds the hours claimed reasonable for attorneys billing at the requested hourly rates.  The court will not reduce the lodestar on this basis.

Based on the adjusted hourly rates and considering the reductions stated above, the court finds Petitioner is entitled to attorney's fees based on the total lodestar of $35,082.50.[2]

/ / /

/ / /

/ / /

---

[2] Petitioner requests $35,345.00 in attorney's fees for litigating this action.  Mot. at 3.  While Peterson bills at an hourly rate of $475, the court applies a reduced hourly rate or $100 to 0.7 of those hours, which results in a total award of $35,082.50 ($35,345 – (0.7 x $475) + (0.7 x $100)).  *See supra*.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS Petitioner's Motion and AWARDS Petitioner $35,082.50 in attorney's fees.

IT IS SO ORDERED.

Dated: September 9, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge